■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER S. KELLAR, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered April 30, 1975, upon a verdict convicting defendant of the crime of robbery in the first degree and sentencing him to an indeterminate term of imprisonment of 10 years. The defendant contends (1) that the evidence was insufficient to convict him beyond a reasonable doubt, (2) that there is no evidence in the record that the sentencing Judge ordered or received a presentence report as required by CPL 390.20 and (3) that the sentence imposed is violative of the Eighth Amendment of the United States Constitution barring cruel and inhuman punishment. From the record it is clear that defendant drove a borrowed car with one Joseph Scully as a passenger to a Hess gasoline station where Scully, at gun point, robbed the attendant. It is defendant's contention that the People's case failed to establish beyond a reasonable doubt that he had acted in concert with Scully in the robbery (Penal Law, § 160.15). In support of this view defendant argues that *had* more extensive and vigorous cross-examination of the People's witnesses been conducted it would have clearly revealed that not only Scully but witnesses Kennedy, the car owner, and Dearstyne, defendant's wife's lover, each had reason to perjure himself to assure defendant's conviction. The fault in this argument is that no evidence of such facts was established at trial, and any inferences of such facts from the evidence adduced could have been, and were, rejected by the jury. Next, defendant's reliance upon his hearing impairment is unavailing in diluting the quality of the People's proof both because it was not medically established and because it did not handicap defendant in being able to hear and testify to all conversations immediately following the robbery and before arrest. On this record the jury could find the defendant guilty beyond a reasonable doubt (CPL 470.20, subd 2) and, moreover, the verdict was not against the weight of the evidence (CPL 470.20, subd 5). Next, the affidavit of Rensselaer County Judge Cholakis, who presided at the trial, that he reviewed and considered a presentence report prepared by the Rensselaer County Department of Probation, satisfies the requirements of CPL 390.20. Lastly, defendant's contention that the difference between the sentence of three to six years imposed on Scully and the sentence of 10 years he received demonstrates that he was punished for exercising his constitutional right of trial by jury is without merit. Scully entered a plea of guilty to robbery in the second degree. Defendant was convicted of robbery in the first degree which carries with it a much more severe sentence than robbery in the second degree. Since the Judge could have sentenced defendant to a maximum term of 25 years, we cannot say that the indeterminate sentence of 10 years was excessive or cruel and inhuman in constitutional terms. Judgment affirmed. Koreman, P. J., Greenblott, Kane, Mahoney and Larkin, JJ., concur.